MARION LOUISE HUGHES, PLAINTIFF, v. GEORGE RUCKLE ET AL., TRADING AS RUCKLE BROTHERS, DEFENDANTS.

Submitted October term, 1930—Decided January 20, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the rule, *Isidor Kalisch.*

*Contra, Joseph F. X. Malloy.*

PER CURIAM.

This is a negligence action and the plaintiff has a verdict. The defendants have this rule and urge a setting aside of the verdict and a rule for new trial for several reasons:

1. Error in refusing to nonsuit.

2. Error in refusing to direct a verdict in favor of defendants.

The foregoing upon the contention that the party extending to the plaintiff the invitation to enter and be upon the premises had no authority binding the defendants; that having no such authority, the plaintiff acted upon an implied invitation and exceeded the bounds thereof, and plaintiff was guilty of contributory negligence.

We conclude the proofs were such as required all these matters to be referred to and settled by the jury, and, therefore, there was no error in the rulings complained of.

3. That the plaintiff assumed the risk of injury.

This, we also find, was a matter to be submitted to the jury.

4. That the trial court erred in refusing to charge certain requests of the defendants dealing with the exceeding of the

bounds of invitation, contributory negligence and assumption of risk.

In this respect we find no harmful error because we conclude the trial court properly charged as to each of these rules and principles.

5 and 6. That the verdict is against the weight of evidence and the jury disregarded the court's charge as to the law of the case.

We find this to be not so.

The rule to show cause is discharged, with costs.